IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINE CHAMBARLAIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT MARK CAPOZZA, ET | : | |
| AL. | : | NO. 17-4680 |

**MEMORANDUM**

**Padova, J.**                                                                                                    **June 30, 2020**

Petitioner Antoine Chambarlain has filed a counseled petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.   For the following reasons, and after careful consideration of the

Report and Recommendation prepared by United States Magistrate Judge David R. Strawbridge

("R&R") and Petitioner's Objections thereto, we overrule the Objections, adopt the Report and

Recommendation, and deny the petition in part and dismiss it in part.

**I.        BACKGROUND**

On April 29, 2010, a jury in the Philadelphia Court of Common Pleas convicted Petitioner

of first-degree murder, criminal conspiracy, and possession of an instrument of crime, in

connection with a drive-by shooting that occurred in the late afternoon of July 24, 2005.

Petitioner was sentenced to life imprisonment.   Petitioner completed direct and Post Conviction

Relief Act ("PCRA") appeals in the state court system and, on October 19, 2017, he filed the

instant § 2254 habeas action.   In his § 2254 Petition, Petitioner asserts five grounds for relief:[1]

(1) the trial court erred in permitting testimony about his post-Miranda silence, (2) his trial counsel

was ineffective for failing to present alibi evidence, (3) his rights under the Confrontation Clause

---

[1]   We have reordered Petitioner's claims for relief from that set forth in his § 2254 Petition
to reflect the order in which the Magistrate Judge addressed the claims and Petitioner presents his
objections.

of the Sixth Amendment of the United States Constitution were violated at trial when the contents of a note written by a non-testifying witness were introduced into evidence,[2] (4) his appellate counsel was ineffective for failing to raise his Confrontation Clause claim on direct appeal, and (5) his trial counsel was ineffective for failing to object when the prosecutor improperly vouched for the credibility of a cooperating witness/co-Defendant.

In a thorough and well-reasoned R&R, the Magistrate Judge has recommended that we deny the § 2254 Petition in part and dismiss it in part.   Specifically, he recommends that Petitioner's first, second, and third grounds for relief were procedurally defaulted and should be dismissed, and that we should deny Petitioner's fourth and fifth grounds for relief on the merits because the state court did not unreasonably apply the ineffective assistance of counsel standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), or any other clearly established Federal law.   Petitioner has filed Objections to the Magistrate Judge's recommendations regarding all five claims.   When a petitioner objects to an R&R, we must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   28 U.S.C. § 636(b)(1).

## II.   DISCUSSION

### A.   Post-Miranda Silence

Petitioner's first Objection concerns the Magistrate Judge's recommendation that we dismiss as procedurally defaulted Petitioner's claim that his right against self-incrimination was violated when the prosecution elicited testimony concerning his post-Miranda silence and the trial

---

[2] The Confrontation Clause of the Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."   U.S. Const., amend. VI.

court denied a motion for a mistrial on that basis.[3]   Before bringing a claim in a § 2254 petition, "a state prisoner must exhaust available state remedies" so as to provide "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing 28 U.S.C. § 2254(b)(1)) (quotation omitted).   This means that "the prisoner must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." Id. (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995)) (additional citation omitted).   "The failure to 'fairly present' federal claims in state court [ordinarily] bars the consideration of those claims in federal court by means of habeas corpus because they have been procedurally defaulted." Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002) (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)).   A petitioner's procedural default will only be excused if he "'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" Id. at 409 n.5 (quoting Coleman, 501 U.S. at 750).

The Magistrate Judge recommends that Petitioner failed to exhaust this claim of trial court error because he did not raise it on direct appeal or during PCRA proceedings and only argued in the PCRA proceedings that direct appellate counsel was ineffective in failing to raise the claim.

---

[3] This claim concerns the testimony of a police detective, who first testified at trial that he gave Petitioner his Miranda warnings and then testified: "He agreed to speak to me.   He refus[ed] to --." (N.T. 4/26/10 at 20.)   Petitioner's trial counsel immediately objected, cutting off the detective mid-sentence and arguing at sidebar that the prosecution had impermissibly elicited testimony that Petitioner had refused to give a written statement.   (Id. at 20-21.)   Counsel moved for a mistrial, but the court denied that motion.   (Id. at 20, 23.)   The prosecution went on to elicit testimony from the detective about the oral statement that Petitioner gave to him.   (Id. at 23-24, 27; see also id. at 26-27 (clarifying that Petitioner agreed to speak with the detective after receiving Miranda warnings).)   Thus, while Petitioner argues in his § 2254 Petition that "the Commonwealth elicited testimony that [he] refused to give a statement," it appears that the facts only arguably support an argument that the detective suggested that Petitioner refused to give a written statement.   (§ 2254 Pet'n at 10; see also Pet'r's Objs. at 8 (stating that the "[d]etective . . . told the jury that [Petitioner] refused to make a statement").)

Petitioner explicitly concedes in his § 2254 Petition that "[n]either appellate nor post-conviction counsel raised this issue during state proceedings."  (§ 2254 Pet'n at 10.)   In his Objections, Petitioner appears to argue that his failure to exhaust and the resulting procedural default should be excused because he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law."  Coleman, 501 U.S. at 750.  However, he did not assert cause and actual prejudice as an exception to his procedural default in his arguments to the Magistrate Judge and, thus, we will not address those arguments here.  See E.D. Pa. Local Civil Rule 72.1(IV)(c) ("All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."); Ramos v. Kyler, Civ. A. No. 03-2051, 2004 WL 828363, at *4 (E.D. Pa. Apr. 12, 2004) (stating that the Third Circuit has not addressed "how to properly treat an issue raised anew in a habeas petitioner's objections to a magistrate judge's report," but that "[t]he majority of district courts in our circuit, as well as other circuit courts, that have addressed this issue have concluded that such issues are not properly before the court, and thus are not to be addressed" (citations omitted)).

Accordingly, we, like the Magistrate Judge, conclude that Petitioner's claim that his right against self-incrimination was violated is procedurally defaulted because he did not present this claim to the state courts.  We therefore overrule Petitioner's Objection to this aspect of the Magistrate Judge's R&R.

### B.  Alibi Evidence

In his second Objection, Petitioner objects to the Magistrate Judge's recommendation that we dismiss as procedurally defaulted his claim of ineffective assistance of trial counsel for failing

to present alibi evidence.   Specifically, he objects to the Magistrate Judge's recommendation that his ineffectiveness claim is not "substantial," such that it might be excused from procedural default pursuant to Martinez v. Ryan, 566 U.S. 1 (2012), and also objects that the Magistrate Judge made this recommendation without holding an evidentiary hearing.   Id. at 14 (holding that claim that PCRA counsel was ineffective may qualify as cause to excuse the procedural default of an ineffective assistance of trial counsel claim if, inter alia, the underlying claim for ineffective assistance of trial counsel is substantial).   In order to prove that a claim is substantial, the petitioner "must demonstrate that the claim has some merit."   Id. (citation omitted).

In an attempt to establish a meritorious claim of trial counsel ineffectiveness for failing to offer an alibi defense, Petitioner submits an affidavit from his purported alibi witness, Mr. Richard Pennock, who is Petitioner's uncle.   Mr. Pennock states that, if he had been called to testify at trial, he would have said that Petitioner was with him at his residence on the day of the shooting and only left for one short period of time at 9:00 p.m., when Petitioner went to get Chinese food. (See Pennock Aff., Docket No. 5.)   The Magistrate Judge recommends that Petitioner's claim of trial counsel ineffectiveness for failing to call Mr. Pennock is not substantial because the trial transcript not only makes clear that trial counsel considered Mr. Pennock's account of events on the day of the murder but also reflects counsel's assessment that there were "numerous inconsistencies" between Mr. Pennock's account and Petitioner's statement to police.   (N.T. 4/26/10 at 9-10.)   Furthermore, the Magistrate Judge notes, the Commonwealth represented at trial that, if Mr. Pennock's account was introduced, the prosecution was prepared to introduce evidence that Mr. Pennock was "agitated and uncooperative" when detectives interviewed him. (Id. at 9.)   Observing that Strickland requires that the court "presum[e] that counsel's conduct falls within the wide range of reasonable professional assistance," 466 U.S. at 689, the Magistrate

Judge recommends that Petitioner has failed to overcome that presumption, because the record supports a conclusion that trial counsel's decision not to introduce the alibi defense may well have been a strategic decision based on the inconsistencies between Petitioner's and Mr. Pennock's statements, as well as a concern about Mr. Pennock's demeanor.   See Strickland, 466 U.S. at 689 ("Because of the difficulties inherent in . . . evaluat[ing whether counsel's conduct was reasonable], a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (citation omitted)).

Petitioner now argues that the Magistrate Judge should not have presumed that trial counsel's decision not to present Mr. Pennock was strategic, and that the Magistrate Judge should have held an evidentiary hearing to allow evidence as to counsel's strategy.   However, as the Magistrate Judge correctly noted, the court is entitled to presume a sound trial strategy, and it is Petitioner's burden to show that the strategy was not sound.   Thomas v. Varner, 428 F.3d 491, 499 (3d Cir. 2005) ("To overcome the Strickland presumption that, under the circumstances, a challenged action might be considered sound trial strategy, a habeas petitioner must show either that: (1) the suggested strategy (even if sound) was not in fact motivating counsel or, (2) that the actions could never be considered part of a sound strategy.")   Here, on de novo review, we agree with the Magistrate Judge that Petitioner has not met that burden.

Moreover, while Petitioner suggests that his ability to meet that burden was hampered by the Magistrate Judge's failure to hold an evidentiary hearing, he neglects to acknowledge that federal courts have limited authority to conduct evidentiary hearings on habeas review.   Under the habeas statute, where an applicant has "failed to develop the factual basis of a claim in State

court proceedings," we are not permitted to hold a hearing unless the Petitioner shows, inter alia, that the claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review," or a "factual predicate that could not have been previously discovered through the exercise of due diligence."   28 U.S.C. § 2254(e)(2); see also Williams v. Taylor, 529 U.S. 420, 437 (2000) ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.")   Petitioner has not even acknowledged this standard, much less shown that he has satisfied it.

Finally, even assuming *arguendo* that the Magistrate Judge was authorized to hold a hearing under § 2254(e)(2), "the decision to grant such a hearing rests in the [court's] discretion" and, in exercising that discretion, the court is to consider "whether the petition presents a *prima facie* showing which, if proven, would enable the petitioner to prevail on the merits of the asserted claim."   Palmer v. Hendricks, 592 F.3d 386, 393 (3d Cir. 2010) (quotation and citations omitted). Here, Petitioner argues only that he would testify at an evidentiary hearing that, he has "maintained since prior to his arrest that he was with his Uncle . . . at the time of the homicide" and that he told this to his trial counsel.   (§ 2254 Mem. at 42; Pet'r's Objs. at 9-10.)   This proposed testimony is irrelevant to the central issue of whether Petitioner's ineffective assistance of trial counsel claim is substantial, as it has no bearing on the Magistrate Judge's recommendation that the claim is not substantial because counsel had a sound strategic reason not to pursue an alibi defense at trial. Moreover, as the Magistrate Judge correctly observed, the trial transcript makes clear that trial counsel considered introducing Mr. Pennock's account at trial and opted not to do so for reasons that are apparent from the transcript itself.   (See N.T. 4/26/10 at 9-10.)   Accordingly, we overrule Petitioner's objection to the Magistrate Judge's failure to hold an evidentiary hearing, as well as his objection to the Magistrate Judge's recommendation that the ineffectiveness claim is

procedurally defaulted and does not present a substantial issue of trial counsel ineffectiveness such that the procedural default could be excused pursuant to Martinez.

### C. Confrontation Clause

In his third and fourth Objections, Petitioner objects to the Magistrate Judge's recommendations concerning his two Confrontation Clause claims, the first of which argues that his Confrontation Clause rights were violated and the second of which argues that his direct appellate counsel was ineffective in failing to raise his Confrontation Clause claim.   Both of these claims involve the prosecution's use at trial of a handwritten note that an individual named Victor Batts gave to a police officer at the scene of the drive-by shooting shortly after the shooting occurred.   (See N.T. 4/21/10 at 46, 56-57.)   In the note, Mr. Batts wrote "2005 Chrysler wagon dark blue, PA tag 0130."   (Id.)   The receiving officer spoke with Mr. Batts and then relayed the information in the note over the police radio.   (Id. at 46-47.)   The car identified in the note was located shortly thereafter.   (N.T. 4/22/10 at 5-9.)   Petitioner's fingerprints were found on the car and Petitioner was also linked to the car by DNA found on a drinking straw inside the car.   (N.T. 4/15/10 at 116-18; N.T. 4/16/10 at 3-5; N.T. 4/23/10 at 56-57, 62-64.)   The police officer who received the note testified as to its contents at trial, but Mr. Batts was not called as a witness. (N.T. 4/21/10 at 46.)

#### 1. Direct claim

The Magistrate Judge recommends that Petitioner's claim that the admission of the note violated his Confrontation Clause right has been procedurally defaulted because, just like Petitioner's post-Miranda silence claim, Petitioner did not raise this claim on direct appeal or during PCRA proceedings and only argued in the PCRA proceedings that appellate counsel was ineffective in failing to raise the claim on direct appeal.   Petitioner objects to this

recommendation, but does not maintain that he previously asserted this claim or argue that his procedural default should be excused for any recognized reason.   (See Pet'r's Objs. at 13 ("Although timely objections were made during trial, this issue was not litigated on direct appeal. Rather, the issue was litigated for the first time during state post-conviction proceedings, i.e., a claim that appellate counsel was ineffective for failing to litigate the issue on direct appeal.").) Accordingly, Petitioner has presented no basis on which we could conclude that the Magistrate Judge's recommendation that his claim is procedurally defaulted is erroneous.   Moreover, we find on de novo review, like the Magistrate Judge did, that the claim is procedurally defaulted.   We therefore overrule this objection to the Magistrate Judge's R&R.

> 2.    Appellate counsel ineffectiveness

Unlike his direct Confrontation Clause claim, Petitioner properly raised his claim that his appellate counsel was ineffective in failing to raise his Confrontation Clause claim.   In the state court proceedings, the PCRA court concluded that, under the United States Supreme Court precedent in Davis v. Washington, 574 U.S. 813 (2006), the contents of the note were nontestimonial, and thus not subject to Confrontation Clause constraints.   (Commonwealth v. Chambarlain, CP-51-CR-0203881-2006, at 14 (C.C.P. Phila. July 6, 2016) ("7/6/16 C.C.P. Op."). Moreover, because a lawyer cannot be ineffective for failing to raise a meritless claim and the Confrontation Clause claim was meritless, the court concluded that Petitioner was not entitled to relief on his ineffectiveness claim.   (Id.)   On appeal, the Superior Court concluded that the PCRA court's opinion "thoroughly addresse[d] and accurately dispose[d] of [Petitioner's] claims." Commonwealth v. Chambarlain, No. 3525 EDA 2015, 2017 WL 44937, at *4 (Pa. Super. Ct. 2017).   The Magistrate Judge recommends that we now deny this claim because the state court did not unreasonably apply Federal law.

In his Objection to the Magistrate Judge's recommendation regarding this claim, Petitioner argues that the state court's conclusion that the note was nontestimonial and therefore not subject to Confrontation Clause limitations rested on an unreasonable application of Federal law as set forth in Crawford v. Washington, 541 U.S. 36 (2004), and Davis v. Washington, 547 U.S. 813 (2006).   In Crawford, the Supreme Court established the underlying constitutional principle that, pursuant to the Confrontation Clause, testimonial evidence is not admissible against a defendant unless the witness is unavailable and the defendant had a prior opportunity to cross examine the witness.   541 U.S. at 68.   Crawford involved a defendant who was charged with attempted murder after stabbing a man who attempted to rape his wife and who challenged the prosecution's use at trial of his wife's tape-recorded statement to police while in police custody, when she had not been called to testify at trial.   541 U.S. at 38-41.   On Supreme Court review, the Court held that the wife's statement under the circumstances presented was "testimonial" in nature and therefore subject to Confrontation Clause limitations.   Id. at 61, 68.   At the same time, it "le[ft] for another day any effort to spell out a comprehensive definition of 'testimonial,'" holding only that the term "applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations."   Id. at 68.

Subsequently, in Davis, the Court considered "when statements made to law enforcement personnel during a 911 call or at a crime scene are 'testimonial' and thus subject to the requirements of the Sixth Amendment's Confrontation Clause."   547 U.S. at 817.   The Court held in Davis that "[s]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency."   Id. at 822.   In contrast, "[t]hey are testimonial when the circumstances objectively indicate that there is no such ongoing emergency,

and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution."  Id.  Applying these standards, the Davis Court held that, objectively considered, a statement made on a 911 call was non-testimonial because the caller proclaimed an emergency, sought help, "describe[d] current circumstances requiring police assistance," and did not merely seek "'to establis[h] or prov[e]' some past fact."  Id. at 826-27 (alterations in original) (quoting Crawford, 541 U.S. at 51).  On the other hand, the Court concluded that a victim's statement at the scene of a domestic violence crime was testimonial where the victim was in no immediate danger, was protected by police, and was describing events that were no longer ongoing, and the victim's statements were not necessary to enable officers to immediately end a threatening situation.  Id. at 832.

Applying this Supreme Court precedent in the instant case, the state court concluded that "Batts' statements – his description of the getaway car – were essential in aiding the police to meet an ongoing emergency and pursue the perpetrators."  (7/6/16 C.C.P. Op. at 14.)  "Thus, it stated that it was "satisfied that under Davis, Batts' statements were nontestimonial and that, therefore, they were not subject to the Confrontation Clause constraints."  Id.  Petitioner argues that this analysis was an unreasonable application of Federal precedent, which, in his view, supports only a conclusion that the Batts note was testimonial.  He relies on Crawford's observation that "testimony" has been defined as "'[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact,'" 541 U.S. at 51 (quoting 2 N. Webster, An American Dictionary of the English Language (1828)), and he argues that the Batts note was a "'solemn reflection and recitation of a set of facts [that Batts had] witnessed.'"  (Pet'r's Objs. at 15.)  He also emphasizes that Batts "thought to deliberately write down the information" and provide it to the investigator in order "to convey a description of the vehicle."  (Id. at 15-16.)

However, in spite of Petitioner's disagreement with the state court's analysis, we cannot conclude that the state court's decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Review of a state court decision under this standard is "'highly deferential.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997)).  The Supreme Court has clearly stated:

> "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law."  Williams v. Taylor, 529 U.S. 362, 410 (2000).  Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Id., at 411. Rather, that application must be "objectively unreasonable."  Id., at 409.  This distinction creates "a substantially higher threshold" for obtaining relief than de novo review.  Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

Id.

Here, the state court's determination was in no way "objectively unreasonable." Id. (quoting Williams, 529 U.S. at 409).  Indeed, there is nothing unreasonable in the determination that the Batts note, like the 911 call in Davis, was a statement made in the course of an ongoing investigation in order to assist the police in addressing an ongoing emergency, and that, as a result, the note, like the 911 statement, was nontestimonial.  While Petitioner has suggested that we consider Batts's motivation in making the statement and argues that Batts may have been motivated merely to provide facts about a past event, the Supreme Court is clear that the primary purpose of a statement is to be determined not based on the speaker's actual subjective intent, but based on an objective inquiry of the circumstances presented.  See Davis, 547 U.S. at 822.  Using such an objective inquiry, the state court did not contravene clear Supreme Court precedent in concluding that the primary purpose of the note was to assist in an emergency and, indeed, the note

did assist in an emergency as it provided critical assistance to the police in expeditiously identifying Chambarlain as a criminal suspect.

We therefore conclude that the state court did not unreasonably apply Federal law in concluding that the Confrontation Clause claim was meritless because Batts's statement was nontestimonial.   Furthermore, because the state court reasonably found the Confrontation Clause claim to be meritless, the state court did not err in concluding that Petitioner's appellate counsel was not ineffective for failing to raise the Confrontation Clause claim.   See Real v. Shannon, 600 F.3d 302, 310 (3d Cir. 2010) (noting that counsel cannot be ineffective for failing to raise a meritless claim).   Accordingly, we overrule Petitioner's objection to the Magistrate Judge's recommendation that we deny Petitioner's claim that his appellate counsel was ineffective for failing to raise the Confrontation Clause claim.

### 3.   Vouching

In his fifth claim, Petitioner objects to the Magistrate Judge's recommendation that we deny his claim that trial counsel was ineffective for failing to object to the prosecution's alleged vouching for the cooperating witness.   Petitioner contends that the prosecutor engaged in improper vouching when, in questioning the cooperating witness, she "went through painstaking detail to disclose the terms of [the cooperating witness's] plea agreement," which included language stating that that "the DA had determined that the testimony of . . . [the witness] is vital to insure that other individuals are brought to justice."   (Pet'r's Mem. at 34.)   His counsel did not object to this line of questioning at trial.

When Petitioner raised this ineffectiveness claim in the PCRA proceedings, the trial court applied state law to conclude that the underlying claim of improper vouching was meritless, and it denied Petitioner's ineffectiveness claim on that basis.   (See 7/6/16 C.C.P. Op. at 6-8.)   In

addressing this ineffectiveness claim on habeas review, the Magistrate Judge recommends that the only Federal law that the state court applied in resolving the claim was <u>Strickland</u>, and he recommends that the state court did not unreasonably apply <u>Strickland</u> in resolving the claim.   In his Objections, Petitioner specifically objects to the Magistrate Judge's recommendation that the state court relied only on state law in rejecting the vouching claim, and he argues that we should find that that the state court unreasonably applied Federal law in finding the improper vouching claim to be meritless.

However, the Magistrate Judge correctly observed that the state court did not reference Federal law regarding vouching in rejecting Petitioner's ineffectiveness claim.   (<u>See</u> <u>id.</u>) Moreover, while Petitioner now contends that the state court's holding nevertheless contravenes established Federal law, the sole Supreme Court case that he cites, <u>United States v. Young</u>, 470 U.S. 1 (1985), only sets forth basic principles regarding improper vouching, and Petitioner fails to elaborate on how the state court's decision contradicts that precedent.   <u>Id.</u> at 18-19; <u>see also</u> <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002) (explaining that where a state court decision does not cite Federal law, the decision will not be found to be contrary to Federal law "so long as neither the reasoning nor the result of the state-court decision contradicts [that law]").

Petitioner also cites authority from the United States Court of Appeals for the Third Circuit that interprets Supreme Court precedent and states that improper "[v]ouching constitutes an assurance by the prosecuting attorney of the credibility of a Government witness through personal knowledge or by other information outside of the testimony before the jury."   <u>United States v. Walker</u>, 155 F.3d 180, 184 (3d Cir. 1998) (citing <u>United States v. Lawn</u>, 355 U.S. 339, 359 n.15 (1958)) (additional citation omitted); <u>see also</u> <u>Hardcastle v. Horn</u>, 368 F.3d 246, 255 n.3 (3d Cir. 2004) (explaining that "although § 2254 permits habeas corpus relief only in situations in which a

state court's decision 'is contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States,' [a court's] analysis of Supreme Court precedent may be amplified by decisions of inferior federal courts evaluating . . . that Supreme Court precedent" (citation omitted)).   Petitioner has, however, failed to explain how the state court decision contradicts this precedent when it is far from clear that the prosecutor's questioning in this case conveyed any message of assurance about the witness's credibility and, even assuming arguendo that it did, Petitioner does not argue – and the record does not support a conclusion – that the alleged vouching was based on information not in the record before the jury or based on the prosecutor's own personal knowledge.   Under these circumstances, Petitioner has set forth no basis on which we could conclude that the state court engaged in an unreasonable application of Federal law concerning vouching, and we therefore overrule his objection to this aspect of the Magistrate Judge's R&R.

## III.   CONCLUSION

For all of these reasons, we overrule Petitioner's Objections in their entirety, approve and adopt the Magistrate Judge's R&R, and dismiss Petitioner's § 2254 Petition in part and deny it in part.   An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.